UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :

MERHDAD PORGHAVAMI,           :           14 Civ. 6351 (GBD)(AJP)
                                          :

                 Plaintiff,        :        **REPORT AND RECOMMENDATION**
                                          :

               -against-         :
                                          :

AEROLÍNEA PRINCIPAL CHILE S.A. (PAL :
Airlines); GRUPO MUSIET; PROMATI INC.;  :
and ROLANDO MUSIET SENIOR; ROLANDO :
MUSIET JR; ROLANDO MUSIET TALGUIA;  :
FERNANDO MUSIET TALGUIA; PIERRE    :
MUSIET; CARLOS MUSIET (DOE 3); and    :
DOES 4 Through 100, inclusive,        :
                                          :

               Defendants.      :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable George B. Daniels, United States District Judge:**

          Pro se plaintiff Merhdad Porghavami brings this action, alleging diversity jursidiction, against corporate defendants Aerolínea Principal Chile S.A. (PAL Airlines), Grupo Musiet and Promati Inc., and individual defendants Rolando Musiet Sr., Rolando Musiet Jr., Rolando Musiet Talguia, Fernando Musiet Talguia, Mauricio Musiet Talguia, Pierre Musiet and Carlos Musiet. (Dkt. No. 23: Am. Compl.) Presently before the Court is defendants' motion to dismiss for failure to state a claim and improper venue. (Dkt. No. 25.) The Court sua sponte raised the issue of lack of diversity jurisdiction. (Dkt. No. 31: 2/23/15 Order.) Porghavami is a Canadian citizen suing two Chilean corporations, six Chilean citizens, one dual citizen of the United States and Chile, and a Florida corporation. For the reasons set forth below, this Court lacks subject matter jurisdiction and Porghavami's claims should be DISMISSED without prejudice to filing his claims

in state court.

## FACTS

Porghavami's amended complaint asserts jurisdiction "[p]ursuant to 28 U.S.C. Sections 1391(b), 1332, 2201 and 2202." (Dkt. No. 23: Am. Compl. ¶¶ 39-43.) Section 1332 provides for diversity jurisdiction. The other sections are not relevant to jurisdiction. Section 1391(b) deals with venue. 28 U.S.C. § 2201 and § 2202 deal with declaratory relief, but only "[i]n a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201.[1/] Thus, for the Court to have jurisdiction, there must be diversity of citizenship.

The amended complaint pleads the defendants' citizenship, which defendants have supplemented and verified. (Am. Compl. ¶¶ 2-4, 45-49; Dkt. No. 33: Defs. Letter of Citizenship.) Defendants PAL Airlines and Grupo Musiet are Chilean corporations with their principal place of business in Chile. (Am. Compl. ¶¶ 2-3, 45-46; Defs. Letter of Citizenship.) Defendant Promati is a Florida corporation with its principal place of business in Florida. (Defs. Letter of Citizenship; Am. Compl. ¶¶ 4, 47.) The individual defendants are all citizens of Chile, except for Pierre Musiet, who is a citizen of both Chile and the United States, with his primary residence in Florida. (Defs. Letter of Citizenship.)

As to plaintiff Porghavami, the amended complaint merely states that he "maintain[s] residences in Sacramento, California, USA, and Montreal, QC, Canada." (Am. Compl. ¶ 1.) In

---

[1/]   See, e.g., Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848 (2014) ("We agree . . . that the Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts.") (quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S. Ct. 876, 879 (1950)); Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 17-20, 103 S. Ct. 2841, 2850-51 (1983); NASDAQ OMX Grp., Inc. v. UBS Secs., LLC, 770 F.3d 1010, 1018-19 (2d Cir. 2014); Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 66-68 (2d Cir. 2012).

3

response to the Court's Order requiring the parties "to identify the citizenship of plaintiff and each

defendant, as used in 28 U.S.C. § 1332" (Dkt. No. 31: 2/23/15 Order), Porghavami responded:

> Porghavami currently residing in Montreal, Canada and holds a valid Canadian passport. However, for [a] period [] approximately starting early 1990's through the end of 2008, Porghavami held local residency in Sacramento, California . . . .

(Dkt. No. 32: Porghavami Notice of Citizenship, emphasis added.)  To hold a Canadian passport,

one must be a Canadian citizen.  Canadian Passport Order, SI/81-86, § 4(2) (Can.) ("No passport

shall be issued to a person who is not a Canadian citizen under the Act.").

## ANALYSIS

## I.    LEGAL STANDARDS GOVERNING DISMISSALS FOR LACK OF SUBJECT MATTER JURISDICTION

28 U.S.C. § 1332 confers diversity jurisdiction upon the federal courts.  In relevant

part, § 1332 states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>     (1) citizens of different States;
>     (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>     (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; . . .

28 U.S.C. § 1332(a) (emphasis added).

Subject matter jurisdiction is a nonwaivable requirement.  E.g., Arbaugh v. Y&H

Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006); Ruhrgas AG v. Marathon Oil Co., 526 U.S.

574, 583-84, 119 S. Ct. 1563, 1569-70 (1999); Ahmed v. Holder, 624 F.3d 150, 154 (2d Cir. 2010)

("[W]e may not exercise jurisdiction that we otherwise lack simply because the parties will allow

it."); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 121 (2d Cir. 2007); Burns v. King, 160 F. App'x 108, 111 (2d Cir. 2005); Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.").[2] Cases lacking subject matter jurisdiction must be dismissed whether raised by the parties or on the Court's own initiative. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see, e.g., Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197, 1202 (2011); Arbaugh v. Y&H Corp., 546 U.S. at 514, 126 S. Ct. at 1244; Ruhrgas AG v. Marathon Oil Co., 526 U.S. at 583, 119 S. Ct. at 1570 ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 125-26 (2d Cir. 2011).[3]

        The standard for dismissal under Federal Rule of Civil Procedure 12(h)(3) is the same as for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Omoniyi v. Dep't of Homeland Sec., 10 Civ. 1344, 2012 WL 892197 at *4-5 (S.D.N.Y. Mar. 13, 2012).[4] On a

---

[2]     See also, e.g., LaChapelle v. Torres, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014); Alleyne v. City of N.Y., 244 F. Supp. 2d 214, 215 (S.D.N.Y. 2003); Paduano & Weintraub, LLP v. Wachovia Secs., 185 F. Supp. 2d 330, 332 (S.D.N.Y. 2002).

[3]     See also, e.g., Eldesouky v. Aziz, 11 Civ. 6986, 2014 WL 7271219 at *4 (S.D.N.Y. Dec. 19, 2014); Bryant v. Kinder, 14 Civ. 6637, 2014 WL 4958077 at *2 (S.D.N.Y. Oct. 3, 2014); Mallgren v. Microsoft Corp., 975 F. Supp. 2d 451, 456 (S.D.N.Y. 2013).

[4]     See, e.g., Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 14 Civ 0712, --- F. Supp. 3d ----, 2014 WL 6655861 at *2 (S.D.N.Y. Nov. 24, 2014) (Daniels, D.J.); CP Investors Grp., LLC v. Deutch, 13 Civ. 5228, 2014 WL 1327975 at *3 (S.D.N.Y. Apr. 3, 2014); Shariff v. Channel Realty of Queens, LLC, No. 11-CV-1498, 2013 WL 5519973 at *1 & n.1 (E.D.N.Y. Sept. 30, 2013); Doe v. F.D.I.C., 07 Civ 9435, 2012 WL 642117 at *2

                                                                       (continued...)

motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court "may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).[5] Additionally, the "standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir.) (Sotomayor, C. J.), cert. denied, 540 U.S. 1012, 124 S. Ct. 532 (2003).[6]   The only substantive difference is "that the party invoking the jurisdiction of the court has the burden of proof in a 12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the defendant has the burden of proof." Lerner v. Fleet Bank, N.A., 318 F.3d at 128 (citing Thompson v. Cnty. of Franklin, 15 F.3d 245, 249 (2d Cir. 1994)); see also, e.g., CP Investors Grp., LLC v.

---

[4]    (...continued)
(S.D.N.Y. Feb. 27, 2012), aff'd 545 F. App'x 6 (2d Cir. 2013); Greystone Bank v. Tavarez, No. 09-CV-5192, 2010 WL 3325203 at *1 (E.D.N.Y. Aug. 19, 2010); Li v. Napolitano, 08 Civ. 7353, 2009 WL 2358621 at *1 (S.D.N.Y. Jul. 30, 2009).

[5]    See also, e.g., Land v. Dollar, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 1011 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist."); J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004), cert. denied sub nom. Attica Cent. Sch. v. J.S. ex rel. N.S., 544 U.S. 968, 125 S. Ct. 1727 (2005); Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Exchange Nat'l Bank v. Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976); MBIA Inc. v. Certain Underwriters at Lloyd's, 33 F. Supp. 3d 344, 351 (S.D.N.Y. 2014); Gonzalez v. U.S. Dep't of Agric., Food & Nutrition, 12 Civ. 7932, 2013 WL 4452842 at *2 (S.D.N.Y. Aug. 16, 2013); Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 04 Civ. 8510, 2011 WL 4005321 at *2, (S.D.N.Y. Sept. 1, 2011) (Daniels, D.J.), aff'd, 726 F.3d 62 (2d Cir. 2013), cert. denied, 134 S. Ct. 1291 (2014); Brown v. DeFrank, 06 Civ. 2235, 2006 WL 3313821 at *14-16 & nn.1, 4 (S.D.N.Y. Nov. 15, 2006) (Peck, M.J.) (citing cases); Masters v. Wilhelmina Model Agency, Inc., 02 Civ. 4911, 2003 WL 145556 at *1 (S.D.N.Y. Jan. 17, 2003).

[6]    See also, e.g., Moore v. PaineWebber, Inc., 189 F.3d 165, 169 n.3 (2d Cir. 1999); Pearl River Union Free Sch. Dist. v. Duncan, 12 Civ. 2938, --- F. Supp. 2d ----, 2014 WL 4387235 at *10 (S.D.N.Y. Sept. 5, 2014); Bishop v. Porter, 02 Civ. 9542, 2003 WL 21032011 at *3 (S.D.N.Y. May 8, 2003); Tennant v. U.S. Bureau of Prisons, No. 02 CV 00558, 2003 WL 1740605 at *1 (D. Conn. Mar. 29, 2003).

Deutch, 2014 WL 1327975 at *3; Langella v. Bush, 306 F. Supp. 2d 459, 463 (S.D.N.Y. 2004) ("On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff carries the burden of establishing that subject matter jurisdiction exists over his complaint."); Bishop v. Porter, 2003 WL 21032011 at *3.

The Court must construe a pro se complaint liberally and must use less stringent standards when reviewing a pro se complaint than if the complaint had been drafted by counsel. See, e.g., Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013); Cancel v. Home Depot, 488 F. App'x 520, 521 (2d Cir. 2012); Spataro v. Glenwood Supply, 479 F. App'x 403, 404 (2d Cir. 2012); Ercole v. LaHood, 472 F. App'x 47, 48 (2d Cir. 2012), cert. denied, 133 S. Ct. 1479 (2013); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991).[7] "Even a pro se plaintiff, however, will bear the burden of proving that subject-matter jurisdiction exists." Omoniyi v. Dep't of Homeland Sec., 2012 WL 892197 at *5 (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)); see also, e.g., Pucci v. Brown, 423 F. App'x 77, 77, 78 (2d Cir. 2011).

The principles regarding diversity jurisdiction and aliens are clear:

> The pertinent legal principles with respect to diversity jurisdiction are clearly established. To the extent relevant here, diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," id. § 1332(a)(3). However, diversity is lacking within the meaning of these sections where the only parties are

---

[7]  See also, e.g., Taylor v. Fresh Direct, 12 Civ. 2084, 2012 WL 6053712 at *3 (S.D.N.Y. Dec. 5, 2012) (Peck, M.J.), report & rec. adopted, 2013 WL 1897778 (S.D.N.Y. May 7, 2013); Inesti v. Hicks, 11 Civ. 2596, 2012 WL 2362626 at *6 (S.D.N.Y. June 22, 2012) (Peck, M.J.), report & rec. adopted, 2012 WL 3822224 (S.D.N.Y. Sept. 4, 2012); Scherman v. N.Y.S. Banking Dep't, 09 Civ. 2476, 2010 WL 997378 at *4 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), aff'd, 443 F. App'x 600 (2d Cir. 2011); Wong v. Health First Inc., 04 Civ. 10061, 2005 WL 1676705 at *3 (S.D.N.Y. July 19, 2005) (Peck, M.J.), report & rec. adopted, 2006 WL 2457944 (S.D.N.Y. Aug. 23, 2006); Watson v. McGinnis, 964 F. Supp. 127, 131 (S.D.N.Y. 1997) (Kaplan, D.J. & Peck, M.J.); Saunders v. Coughlin, 92 Civ. 4289, 1994 WL 88108 at *2 (S.D.N.Y. Mar. 15, 1994) (citing Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980)).

> foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.

Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 580-81 (2d Cir. 2002) (emphasis added; citing Dassigienis v. Cosmos Carriers & Trading Corp., 442 F.2d 1016, 1017 (2d Cir. 1971)); see, e.g., Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); Mont Blanc Trading Ltd. v. Khan, 13 Civ. 700, 2014 WL 1116733 at *2 (S.D.N.Y. Mar. 20, 2014); LCE Lux HoldCo S.a.r.l. v. Entretenimiento GM de Mexico S.A. de C.V., 287 F.R.D. 230, 234-35 (S.D.N.Y. 2012); IGY Ocean Bay Props. Ltd. v. Ocean Bay Props. I Ltd., 534 F. Supp. 2d 446, 448 (S.D.N.Y. 2008); Hubei Jingzhou Yizhou Indus. Co. v. JNJ Rest. Supplies, Inc., 10 Civ. 2642, 2010 WL 5174337 at *2 (S.D.N.Y. Dec. 9, 2010).

"It is firmly established that diversity of citizenship '"should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record."'" Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (quoting Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 389, 13 S. Ct. 602, 603 (1893)); accord, e.g., Sodhi v. Gentium S.p.A., 14 Civ 287, 2015 WL 273724 at *8 (S.D.N.Y. Jan. 22, 2015); Vargas v. Person, 13 Civ. 4699, 2014 WL 1054021 at *2 (S.D.N.Y. Mar. 17, 2014). "It is also clear that a statement of the parties' residence is insufficient to establish their citizenship." Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d at 47 (citing Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. at 389, 13 S. Ct. at 603; & John Birch Soc'y v. Nat'l Broad. Co., 377 F.2d 194, 199 (2d Cir. 1967)); accord, e.g., Young-Gibson v. Patel, 476 F. App'x 482, 483 (2d Cir. 2012); Vargas v. Person, 2014 WL 1054021 at *3.

## II.     PORGHAVAMI'S COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE BECAUSE THE COURT LACKS DIVERSITY SUBJECT MATTER JURISDICTION

It is Porghavami's burden to establish subject matter jurisdiction, i.e., diversity jurisdiction.  (See cases cited at pages 5-6 above.)  Porghavami is a Canadian citizen.  (See page 3 above.)  Porghavami has given no indication that he is a United States citizen.  (Dkt. No. 32:Porghavami Notice of Citizenship; Dkt. No. 23: Am. Compl. ¶ 1.)[8/]  Porghavami therefore is a "citizen[] or subject[] of a foreign state" for purposes of diversity jurisdiction.  28 U.S.C. § 1332(a)(2)-(3).  Of the defendants, only Pierre and Promati are citizens of the United States.  (See page 2 above.)  All of the other defendants are "citizens or subjects of a foreign state" (Chile) for purposes of diversity jurisdiction.  See 28 U.S.C. § 1332(a)(2)-(3).  As such, this is a suit between a citizen of a foreign state (Porghavami) and citizens of a foreign state (along with two United States citizens).  This is not a suit between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  Nor is this a suit between citizens of a state and citizens of a foreign state, because citizens of foreign states are on both sides.  See 28 U.S.C. § 1332(a)(2); Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) ("[S]pecifically, 'diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.'") (quoting Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002)); Mont Blanc Trading Ltd. v. Khan, 13 Civ. 700, 2014 WL 1116733 at *2

---

[8/]     Porghavami previously resided in California.  (Porghavami Notice of Citizenship; Am. Compl. ¶ 1.)  Even if Porghavami's presence in California rose to the level of domicile, this would not confer citizen status upon him for the purpose of diversity jurisdiction.  See, e.g., In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 257 F. Supp. 2d 717, 725 (S.D.N.Y. 2003) ("A citizen of a state, within the meaning of section 1332, is a person domiciled within that state who is a citizen of the United States." (emphasis added)).  Moreover, citizenship is determined as of the filing of the complaint, so where he resided in the 1990s through 2008 (see page 3 above) is of no legal relevance.

9

(S.D.N.Y. Mar. 20, 2014) ("Diversity jurisdiction does not extend to cases in which only aliens are parties."). Finally, this is not a suit between citizens of different states with foreign citizens as additional parties. See 28 U.S.C. § 1332(a)(3). This Court thus lacks subject matter jurisdiction because of the presence of foreign citizens on both sides. Accordingly, the case should be dismissed without prejudice to Porghavami bringing his case in state court.

### CONCLUSION

For the reasons set forth above, Porghavami's claims should be DISMISSED without prejudice for lack of subject matter jurisdiction.[9/]

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health

---

[9/]   If Porghavami requires copies of any of the cases reported only in Westlaw, he should request copies from opposing counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

10

& Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).


Dated:          New York, New York
                March 17, 2015

                                            Respectfully submitted,

                                            _____
                                            **Andrew J. Peck**
                                            United States Magistrate Judge


Copies ECF to:  All Parties & Counsel
                Judge George B. Daniels