UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

MEHRDAD PORGHAVAMI, et al.,

                Plaintiff,

     -against-

AEOLÍNEA PRINCIPAL CHILE S.A. (PAL
Airlines), *a Chilean Corporation*; GRUPO
MUSIET, *a Chilean Corporation*; PROMATI, INC.,
*a Florida Corporation*; ROLANDO MUSIET
SENIOR; ROLANDO MUSIET JR.; ROLANDO
MUSIET TALGUIA; FERNANDO MUSIET
TALGUIA; MAURICIO MUSIET TALGUIA;
PIERRE MUSIET; CARLOS MUSIET (DOE 3) and
Does 4 to 100, inclusive,

                Defendants.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

14 Civ. 6351 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Mehrdad Porghavami brings this action, alleging diversity jurisdiction under 28 U.S.C. § 1332, for breach of contract and damages against Defendants Aerolínea Principal Chile S.A. (PAL Airlines); Grupo Musiet; Promati, Inc.; Rolando Musiet Sr.; Rolando Musiet Jr.; Rolando Musiet Talguia; Fernando Musiet Talguia; Mauricio Musiet Talguia; Pierre Musiet; Carlos Musiet; and certain unidentified defendants. (*See* Am. Compl. ¶¶ 1, 43, ECF No. 23.) On January 12, 2015, Defendants filed a motion to dismiss pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 25.)

    On March 17, 2015, Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("Report") in which he recommended that this case be dismissed without prejudice because this Court lacks subject matter jurisdiction over Plaintiff's claims. (Report, ECF No. 34). Plaintiff timely objected to the Report, contending that the parties' contract evidences

their consent to litigate in the Southern District of New York. (Objection to Report at 3-4, ECF No. 35.) However, Plaintiff's objection is without merit. It is axiomatic that "no action of the parties can confer subject-matter jurisdiction upon a federal court," and "the consent of the parties is [therefore] irrelevant." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).[1]

Having reviewed the Report for clear error,[2] this Court adopts the Report's recommendation in full. By order dated February 23, 2015, Magistrate Judge Peck *sua sponte* raised the issue of lack of diversity jurisdiction in this case. (ECF No. 31.) Defendants' response to this order indicates that all of the Defendants are citizens of Chile, with the exception of Defendant Promati (a Florida corporation with its principal place of business in Miami, Florida, and therefore a Florida citizen[3]) and Defendant Pierre Musiet (who is a citizen of both the United States and Chile). (*See* ECF No. 33.) Plaintiff's response to this order demonstrates that he is a Canadian citizen—and therefore a "citizen[] or subject[] of a foreign state" for purposes of

---

[1] In fact, Section 6.2 of this contract specifies that the "pa[r]ties hereby irrevocably agree to submit to the *nonexclusive* jurisdiction of the United States District Court for the Southern District of New York . . . and the Supreme Court of the State of New York, in the Borough of Manhattan." (*See* Ex. 1 to Objection to Report, ECF No. 35 (emphasis added).)

[2] This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

[3] *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").

diversity jurisdiction under 28 U.S.C. § 1332—because he "currently resid[es] in Montreal, Canada and holds a valid Canadian passport." (*See* ECF No. 32.)[4] Accordingly, there is no diversity jurisdiction under:

- Section 1332(a)(1) because Plaintiff is not a "citizen[] of . . . [a] State[]";

- Section 1332(a)(2) because "citizens or subjects of a foreign state" appear on both sides of the action;[5] and

- Section 1332(a)(3) because this is not a case between "*citizens of different States* . . . in which citizens or subjects of a foreign state are *additional* parties."[6]

Because Plaintiff has not met the diversity jurisdiction requirements under 28 U.S.C. 1332(a), this Court must dismiss Plaintiff's Amended Complaint. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte.").

---

[4] A Canadian passport is only issued to someone who is a Canadian citizen. (Report at 3 (citing Canadian Passport Order, SI/81-86, § 4(2) (Can.)).) There is no indication that Plaintiff is a United States citizen. (*See* Report at 8 & n.8.)

[5] *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (quotation omitted) ("[W]e do not have diversity jurisdiction over cases between aliens. . . . [D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens.").

[6] *See* 28 U.S.C. § 1332(a)(3) (emphasis added).

The Clerk of the Court is directed to close the motion at ECF No. 25, and this case.

Dated: New York, New York
       April 14, 2015

SO ORDERED.

*George B Daniel*

GEORGE B. DANIELS
United States District Judge